1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DENIZ KENISON,

            Plaintiff,

v.

COMMVAULT SYSTEMS, INC.,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil No. 12-cv-1235-L(MDD)

**ORDER REMANDING ACTION TO STATE COURT**

On April 25, 2012, Plaintiff Deniz Kenison commenced this civil-rights employment action against her employer, Defendant CommVault Systems, Inc., in the San Diego Superior Court. Plaintiff alleges seven claims arising out of her employment with and termination from employment with Defendant. On May 22, 2012, Defendant filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

//

1 **I.    LEGAL STANDARD**

2      "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*

3 *Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a

4 statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted).  "It is to

5 be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

6 contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also*

7 *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

8      Consistent with the limited jurisdiction of federal courts, the removal statute is strictly

9 construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);

10 *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of*

11 *Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal

12 jurisdiction means that the defendant always has the burden of establishing that removal is

13 proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d

14 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "Federal jurisdiction must be

15 rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at

16 566.

17      Although there has not been a request to remand, it is well-established that "a district

18 court's duty to establish subject matter jurisdiction is not contingent upon the parties'

19 arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th

20 Cir. 2004).  Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139,

21 1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has emphasized that "district courts have

22 an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v.*

23 *Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*,

24 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

25

26 **II.    ANALYSIS**

27      In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that

28 there is complete diversity of citizenship between the parties and that the amount in controversy

12cv1235

1   exceeds $75,000.  28 U.S.C. § 1332.  To determine whether the amount in controversy has been

2   met on removal, "[t]he district court may consider whether it is 'facially apparent' from the

3   complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mutual Auto*

4   *Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  And the defendant "must provide evidence that it is

5   'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional

6   amount requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

7   Defendant fails to satisfy that requirement.  *See* 42 U.S.C. § 1332.

8        Here, Plaintiff seeks damages for lost income, and emotional distress.  (Compl. Prayer for

9   Relief.)  She also seeks compensatory, general, economic, non-economic, and punitive damages.

10  (*Id.*)  Lastly, she also seeks civil penalties under the California Labor Code, and attorneys' fees.

11  (*Id.*)  However, a precise value for the amount in controversy is not given.  She only alleges that

12  the total amount in controversy exceeds $25,000 (Compl. ¶ 7), and that the civil penalties under

13  the California Labor Code may not exceed $4,000 (Compl. ¶ 81).  Nothing further is provided in

14  the complaint.

15       In its notice of removal, Defendant provides several values for the amount in controversy.

16  It provides the value of twelve months of salary as severance, totaling $158,900, based on a pre-

17  litigation settlement demand, to meet the jurisdictional amount-in-controversy threshold.

18  (Notice of Removal ¶ 8 [Doc. 1].)  Defendant also includes $47,000 for alleged past economic

19  losses, an additional $18,334.50 of potential unpaid wages, and $4,000 in penalties.  (*Id.* ¶ 9.)

20  With respect to other amounts in question, Defendant does not provide any concrete values or

21  evidence that a particular value may contribute to exceeding the jurisdictional threshold.

22       The dispositive value to consider here is the $158,900 of severance that is based on

23  Plaintiff's pre-litigation settlement demand.  (Greenman Decl. ¶ 4; Notice of Removal Ex. D.)

24  Defendant cites *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002), for the proposition

25  that "[i]t is well established that settlement demands are relevant evidence of the amount in

26  controversy."  (Notice of Removal ¶ 8.)  Defendant's position appears to be that the settlement

27  demand letter is sufficient evidence to satisfy the amount-in-controversy requirement.  (*See id.*)

28  However, Defendant is mistaken.

1    "A settlement letter is relevant evidence of the amount in controversy if it appears to

2  reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840 (citing, among

3  others, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement

4  offer, by itself, may not be determinative, it counts for something)).  In *Cohn*, the Ninth Circuit

5  noted that the plaintiff "could have argued that the demand was inflated and not an honest

6  assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence."

7  281 F.3d at 840.  "Rather, he consistently maintained that his mark is worth more than

8  $100,000." *Id.*  There is no comparable affirmation of the $158,900 value here by Plaintiff.  In

9  fact, after closer inspection, the Court could not identify a request for severance anywhere in the

10  complaint.  This shows that it is more likely than not that Plaintiff disavows that valuation of her

11  claim.  *See id.*  Furthermore, the omission of any request for severance in the complaint suggests

12  that its consideration is outside the scope of Plaintiff's claim, and thus cannot be a reasonable

13  estimate.  *See id.*

14

15  **III.    CONCLUSION & ORDER**

16        In light of the foregoing, the facts presented in the notice of removal do not meet the

17  burden of establishing removal jurisdiction.  Without the severance value to support Defendant's

18  removal, the remaining values, which are scantily supported, amount to $69,334.50 *at best*.  "If

19  at any time before final judgment it appears that the district court lacks subject matter

20  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Therefore, the Court

21  **REMANDS** this action to the San Diego Superior Court.

22        **IT IS SO ORDERED**.

23

24  DATED: May 23, 2012

25                                                                  _____
                                                                    M. James Lorenz
                                                                    United States District Court Judge
26  COPY TO:
    HON. MITCHELL D. DEMBIN
27  UNITED STATES MAGISTRATE JUDGE

28  ALL PARTIES/COUNSEL