UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIZ KENISON,<br><br>        Plaintiff,<br><br>v.<br><br>COMMVAULT SYSTEMS, INC.,<br><br>        Defendant. | Civil No. 12-cv-1235-L(MDD)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On April 25, 2012, Plaintiff Deniz Kenison commenced this civil-rights employment action against her employer, Defendant CommVault Systems, Inc., in the San Diego Superior Court. Plaintiff alleges seven claims arising out of her employment with and termination from employment with Defendant. On May 22, 2012, Defendant filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332.  To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  And the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Defendant fails to satisfy that requirement.  *See* 42 U.S.C. § 1332.

Here, Plaintiff seeks damages for lost income, and emotional distress.  (Compl. Prayer for Relief.)  She also seeks compensatory, general, economic, non-economic, and punitive damages.  (*Id.*)  Lastly, she also seeks civil penalties under the California Labor Code, and attorneys' fees.  (*Id.*)  However, a precise value for the amount in controversy is not given.  She only alleges that the total amount in controversy exceeds $25,000 (Compl. ¶ 7), and that the civil penalties under the California Labor Code may not exceed $4,000 (Compl. ¶ 81).  Nothing further is provided in the complaint.

In its notice of removal, Defendant provides several values for the amount in controversy. It provides the value of twelve months of salary as severance, totaling $158,900, based on a pre-litigation settlement demand, to meet the jurisdictional amount-in-controversy threshold. (Notice of Removal ¶ 8 [Doc. 1].)  Defendant also includes $47,000 for alleged past economic losses, an additional $18,334.50 of potential unpaid wages, and $4,000 in penalties.  (*Id.* ¶ 9.) With respect to other amounts in question, Defendant does not provide any concrete values or evidence that a particular value may contribute to exceeding the jurisdictional threshold.

The dispositive value to consider here is the $158,900 of severance that is based on Plaintiff's pre-litigation settlement demand.  (Greenman Decl. ¶ 4; Notice of Removal Ex. D.) Defendant cites *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002), for the proposition that "[i]t is well established that settlement demands are relevant evidence of the amount in controversy."  (Notice of Removal ¶ 8.)  Defendant's position appears to be that the settlement demand letter is sufficient evidence to satisfy the amount-in-controversy requirement.  (*See id.*) However, Defendant is mistaken.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840 (citing, among others, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something")).  In *Cohn*, the Ninth Circuit noted that the plaintiff "could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence." 281 F.3d at 840.  "Rather, he consistently maintained that his mark is worth more than $100,000." *Id.*  There is no comparable affirmation of the $158,900 value here by Plaintiff.  In fact, after closer inspection, the Court could not identify a request for severance anywhere in the complaint.  This shows that it is more likely than not that Plaintiff disavows that valuation of her claim. *See id.*  Furthermore, the omission of any request for severance in the complaint suggests that its consideration is outside the scope of Plaintiff's claim, and thus cannot be a reasonable estimate. *See id.*

### III.   CONCLUSION & ORDER

In light of the foregoing, the facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction.  Without the severance value to support Defendant's removal, the remaining values, which are scantily supported, amount to $69,334.50 *at best*.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Therefore, the Court **REMANDS** this action to the San Diego Superior Court.

**IT IS SO ORDERED**.

DATED: May 23, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:
HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL